ORAL ARGUMENT SCHEDULED FOR OCTOBER 10, 2023

No. 22-1251

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

PUBLIC CITIZEN, INC.,

Petitioner,

v.

FEDERAL ENERGY REGULATORY COMMISSION,

Respondent.

On Petition for Review of Orders of the
Federal Energy Regulatory Commission

**SUPPLEMENTAL BRIEF FOR
PETITIONER PUBLIC CITIZEN, INC.**

Nandan M. Joshi
Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
njoshi@citizen.org

*Attorneys for Petitioner*

October 6, 2023

# TABLE OF CONTENTS

Table of Authorities ................................................................................ ii

Glossary ................................................................................................. iv

Argument ................................................................................................ 1

Conclusion .............................................................................................. 8

Certificate of Compliance ..................................................................... 10

Certificate of Service ............................................................................ 11

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*City News & Novelty, Inc. v. City of Waukesha,*
  531 U.S. 278 (2001) ................................................................................. 7

*Friends of the Earth, Inc. v. Laidlaw Environmental
  Services (TOC), Inc.,*
  528 U.S. 167 (2000) ................................................................................. 7

*Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives,*
  920 F.3d 1 (D.C. Cir. 2019) ..................................................................... 6

*Hardaway v. D.C. Housing Authority,*
  843 F.3d 973 (D.C. Cir. 2016) ......................................................... 1, 6, 7

*Knox v. Service Employees International Union, Local 1000,*
  567 U.S. 298 (2012) ............................................................................ 1, 6

*North American Butterfly Ass'n v. Wolf,*
  977 F.3d 1244 (D.C. Cir. 2020) .......................................................... 1, 2

*Parents Involved in Community Schools v. Seattle
  School Dist. No. 1,*
  551 U.S. 701 (2007) ................................................................................. 5

*Payne Enterprises, Inc. v. United States,*
  837 F.2d 486 (D.C. Cir. 1988) ................................................................ 8

*Prairie Band Potawatomi Nation v. Yellen,*
  63 F.4th 42 (D.C. Cir. 2023) ................................................................... 1

*Sands v. NLRB,*
  825 F.3d 778 (D.C. Cir. 2016) ............................................................ 4, 7

*Super Tire Engineering Co. v. McCorkle,*
  416 U.S. 115 (1974) ................................................................................. 3

*United States v. Concentrated Phosphate Export Ass'n*,
   393 U.S. 199 (1968) ............................................................................... 6, 7

*Vecinos para el Bienestar de la Comunidad Costera v. FERC*,
   6 F.4th 1321 (D.C. Cir. 2021) ................................................................... 5

*West Virginia v. EPA*,
   142 S. Ct. 2587 (2022) ............................................................................ 1, 4

**Statutes**

15 U.S.C. § 717a(11) ..................................................................................... 2

15 U.S.C. § 717b(e)(1) .................................................................................. 2

15 U.S.C. § 717b-1(a) ................................................................................... 2

15 U.S.C. § 717b-1(b) ................................................................................... 2

15 U.S.C. § 717b-1(e) ................................................................................... 2

15 U.S.C. § 717r(b) .................................................................................... 3, 8

**Other**

*Annova LNG Common Infrastructure, LLC*,
   175 FERC ¶ 61,030 (Apr. 15, 2021) ........................................................ 5

# GLOSSARY

LNG    Liquefied Natural Gas

NGA    Natural Gas Act

Pursuant to the Court's order of October 2, 2023, petitioner Public Citizen, Inc. submits this response to the October 4, 2023, letter submitted by intervenor Nopetro LNG, LLC, addressing the question whether this case is moot. Public Citizen agrees with Nopetro that this case is not moot.

## ARGUMENT

**1.** "[T]he doctrine of mootness … addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." *West Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022) (cleaned up). Mootness occurs "when the court can provide no effective remedy because a party has already obtained all the relief that it sought." *Prairie Band Potawatomi Nation v. Yellen*, 63 F.4th 42, 45 (D.C. Cir. 2023) (cleaned up); *see also Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (internal quotation marks omitted)). A case is not moot if there is a "more-than-speculative chance of affecting [a party] in the future." *N. Am.*

1

*Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1258 (D.C. Cir. 2020) (quoting *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 978 (D.C. Cir. 2016)).

Here, the Court can provide an effective remedy because Public Citizen has not obtained the relief that it sought. As explained in Public Citizen's brief, the Natural Gas Act (NGA) requires respondent Federal Energy Regulatory Commission to exercise jurisdiction over Nopetro's proposed natural-gas export facilities because those facilities are "located onshore" under the NGA's definition of "LNG terminal," 15 U.S.C. § 717a(11). The NGA's protections therefore apply to export facilities that Nopetro had proposed to construct in Port St. Joe, Florida. Those protections include the requirements that the Commission "approve or deny an application for the siting, construction, expansion, or operation of an LNG terminal," *id.* § 717b(e)(1), that it conduct an environmental review under the National Environmental Policy Act, *id.* § 717b-1(a), that it take account of "State and local safety considerations," *id.* § 717b-1(b), and that it "require the LNG terminal operator to develop an Emergency Response Plan," *id.* § 717b-1(e). *See also* Pet'r Br. 14.

The orders on review, however, conclude that Nopetro's proposed facilities fall outside of the NGA and, consequently, that the NGA's

2

procedural protections do not apply. A merits decision by this Court can reverse that determination and restore those protections. Nopetro's decision not to pursue the Port St. Joe project at this time does not provide the same relief. The Commission's orders remain in effect, and Nopetro acknowledges that "its plans could change." Nopetro Oct. 4 Ltr. As Nopetro states, its "future plans are not 'so remote and speculative that there is no tangible prejudice to the existing interests of the parties.'" Nopetro Oct. 4 Ltr. (quoting *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 123 (1974)).

Importantly, should Nopetro's plans change, Public Citizen will not have a later opportunity to challenge the orders on review because NGA requires any such challenge to be brought within 60 days of the Commission's order on reconsideration. *See* 15 U.S.C. § 717r(b). Thus, unless this Court reaches the merits and vacates the Commission's decision, Nopetro is permanently freed from complying with the NGA process for its Port St. Joe project.

A merits decision vacating the Commission's orders would also provide a remedy that is different from, and more complete than, the remedy that would arise if the Court vacated the orders on mootness

3

grounds. *See, e.g.*, *Sands v. NLRB*, 825 F.3d 778, 785 (D.C. Cir. 2016) ("Vacatur in the event of mootness applies equally to unreviewed administrative orders."). A mootness-based vacatur would leave intact the Commission's policy of excluding export facilities from the scope of the NGA based on the method used to deliver liquified natural gas to ships for export. *See* Pet'r Br. 57–58; *see also* FERC Br. 33 (stating "the Commission has consistently declined to exercise section 3 authority over *inland* facilities that must transport LNG by truck to export vessels moored in coastal waters"). The Commission continues to "'vigorously defend[]' the legality" of its policy. *West Virginia*, 142 S. Ct. at 2607 (quoting *Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U.S. 701, 719 (2007)). Therefore, if the specific orders here are vacated on mootness grounds, Nopetro (and others) will be able to construct and operate export facilities without seeking authorization from the Commission, which continues to stand by its position on the merits. Only a merits decision by this Court can eliminate the harms that the Commission's policy creates.

In that respect, this situation differs from one in which an entity receives agency authorization to undertake a regulated activity and

4

subsequently abandons the project and relinquishes the authorization. For instance, in *Vecinos para el Bienestar de la Comunidad Costera v. FERC*, 6 F.4th 1321 (D.C. Cir. 2021), an exporter had received authorization to construct an LNG terminal but later "informed the Commission that it was abandoning its project, and sought permission from [the] Court to withdraw as intervenor" in the lawsuit challenging the authorization. *Id.* at 1327. When this Court dismissed the challenge as moot, the Commission had already vacated the authorization at the exporter's request. *Annova LNG Common Infrastructure, LLC*, 175 FERC ¶ 61,030 (Apr. 15, 2021). With the authorization vacated, the exporter could not change its mind and commence construction without obtaining a new authorization, which eliminated the possibility that the Commission's decision would have ongoing effects.

In contrast, Nopetro need not return to the Commission if it changes its mind and decides to restart its Port St. Joe project—or any onshore project that transports LNG by trucks, rather than pipe, for export. *See* Nopetro Oct. 4 Ltr. (noting that "the underlying order[s] set[] out principles regarding the scope of the Commission's jurisdiction that could apply with respect to other Nopetro projects"). In the absence of a

5

merits decision, the only protection against the harms caused by the Commission's decision is "an act of [Nopetro's] grace" which it may "revoke … at any time." *Hardaway*, 843 F.3d at 979. Indeed, the Commission's decision reflects a policy that excuses, not only Nopetro, but also any other company that wishes to establish a similar facility, from seeking the Commission's authorization. In these circumstances, the "claims are not moot." *Id*.

**2.** To avoid the possibility of "maneuvers designed to insulate a decision from review," courts view claims of mootness based on a party's unilateral conduct "with a critical eye." *Sands*, 825 F.3d at 784–85 (quoting *Knox*, 567 U.S. at 307). A party "cannot automatically moot a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *see also United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968) ("Mere voluntary cessation of allegedly illegal conduct does not moot a case.").

This Court has described "the false pretense of singlehandedly ending a dispute" by ceasing allegedly wrongful activity to be a "manipulation of the judicial process." *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 15 (D.C. Cir. 2019); *see also*

6

*City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001) (explaining that "a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior"). Accordingly, a case cannot be dismissed as moot unless it is "absolutely clear" that the unlawful conduct "cannot reasonably be expected to happen again," *Sands*, 825 F.3d at 785 (internal quotation marks omitted), and the "heavy burden" of making such a showing rests with the "party asserting mootness," *Hardaway*, 843 F.3d at 979–80 (quoting *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)); *see also West Virginia*, 142 S. Ct. at 2607 ("[T]he Government, not petitioners, bears the burden to establish that a once-live case has become moot.").

These principles reinforce the conclusion that an industry intervenor's statement that it does not take presently intend to take actions authorized by challenged agency action is not sufficient to render a case moot. *See Concentrated Phosphate*, 393 U.S. at 203 (holding that a case was not moot where "we have only appellees' own statement that it would be uneconomical for them to engage in any further joint operations"). This Court has recognized that a "promise to desist" from a

7

challenged action does not moot a case. *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988). A statement of present intention does not even rise to the level of a promise. And as Nopetro acknowledges, "its plans could change." Nopetro Oct. 4 Ltr.

Attempting to evaluate business intent is even more problematic here, where Congress has provided a narrow jurisdictional window for seeking judicial review of agency action. *See* 15 U.S.C. § 717r(b). It would not be difficult for a business benefiting from an agency's relaxation of regulatory requirements to deny its present intention to take advantage of the opportunity during that window and then change its mind after the time for seeking review has passed. The Court should reject any rule that would enable the judicial process to be manipulated so easily.

## CONCLUSION

For the foregoing reasons, the Court should conclude that this case is not moot.

October 6, 2023                                  Respectfully submitted,

                                                /s/ Nandan M. Joshi
                                                Nandan M. Joshi
                                                Allison M. Zieve
                                                Public Citizen Litigation Group
                                                1600 20th Street NW
                                                Washington, DC 20009
                                                (202) 588-1000
                                                njoshi@citizen.org

                                                *Attorneys for Petitioner*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of this Court's order of October 2, 2023, because, excluding the parts of the document exempted by the Federal Rules of Appellate Procedure and this Court's rules, this document contains 1560 words, as calculated by my word processing software.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface, 14-point Century Schoolbook, using Microsoft Word 365.

/s/ Nandan M. Joshi
Nandan M. Joshi

## CERTIFICATE OF SERVICE

I hereby certify that, on October 6, 2023, the forgoing document was served through the Court's ECF system on counsel for all parties.

/s/ Nandan M. Joshi
Nandan M. Joshi
